J-S14006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| --- | --- |
| Appellant | PENNSYLVANIA |
| v. | |
| TOBIAS KAVAUN BANKS, | |
| Appellee | No. 791 MDA 2015 |

Appeal from the Order Entered May 4, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005493-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:    **FILED APRIL 26, 2016**

Because I disagree with the learned Majority's conclusion that Officer Monte lacked probable cause initially to detain Appellee's vehicle, I respectfully dissent.

As the **_Salter_** court explained, 75 Pa.C.S.A. § 4303 of the Vehicle Code states in relevant part:

> that "[e]very vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, in conformance with regulations of the department." 75 Pa.C.S.A. § 4303(b). Department regulations at 67 Pa.Code §§ 175.80(a)(9)(i) and 175.66(k) provide a vehicle is not in compliance with the Vehicle Code if "**_[a]n_** exterior bulb or sealed beam, **_if originally equipped or installed_**, **_fails to light properly_**," and "the registration plate lamp shall emit white light and make the registration plate visible from [a] distance of 50 feet to the rear of the vehicle."

*Former Justice specially assigned to the Superior Court.

***Commonwealth v. Salter***, 121 A.3d 987, 993 (Pa.Super. 2015), ***reargument denied*** (Oct. 14, 2015) (emphasis added). Herein, Officer Monte testified he observed the "driver's side registration plate lamp" on Appellee's vehicle was inoperable, an observation which is not disputed, and effectuated a traffic stop based upon this observation. N.T., 12/2/14, at 8, 27.

However, the Majority stresses that as Appellee's Buick LaCrosse was equipped with two license plate lamps, the relevant analysis in determining whether Officer Monte possessed probable cause to stop Appellee's vehicle involves an inquiry as to whether the license plate was visible. If the vehicle had one of the two headlights inoperable, under the Majority analysis the vehicle would still be in compliance with the Vehicle Code and the departmental regulations, but, obviously, such a vehicle would not pass inspection.

The clear language of Section 4303(b) of the Vehicle Code reveals every vehicle must be equipped with "license plate light." As that term applies to Appellee's vehicle, which was originally equipped with two exterior bulbs, "license plate light" requires a unit comprised of two functional bulbs to properly illuminate the license plate. The fact that one of the bulbs remained operational does not negate the requirement of Section 4303(b) of the Vehicle Code and department regulations that a light originally equipped on a motor vehicle must be in proper working order. In addition, as per the

aforementioned regulations, a vehicle should fail inspection where the check of lamps and lenses reveals an exterior bulb that had been originally equipped or installed fails to light properly. 67 Pa.Code § 175.80(a)(9)(i).

As Appellee's vehicle was not properly equipped on July 11, 2014, I would reverse the trial court and hold Officer Monte possessed probable cause to effectuate a traffic stop for Appellee's violation of the Vehicle Code.